## No. 683.

### W. E. WAMSLEY VS. G. W. ROBINSON.

The plea of *res judicata* can not be based on the judgment of a justice of the peace in bar of a suit in which the title to real estate is in question. Such a judgment would be void *ratione materiæ*.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Chapin*, J. *L. B. Watkins*, for plaintiff and appellant. *Duncan & Moncure*, for defendant and appellee.

LUDELING, C. J. This is a pactitious suit, coupled with an injunction to prevent the defendant from molesting the possession of plaintiff.

The defendant pleaded *res judicata*, and, subsequently, without waiving the plea, filed an answer setting up title in himself, and praying to have the injunction dissolved with damages.

The judge *a quo* sustained the plea and dissolved the injunction with damages.

The judgment pleaded in bar of this suit was a judgment rendered by a justice of the peace, which appears to have been declared null for want of jurisdiction *ratione materiæ;* but whether it was or not, it is clear the judgment could not be a bar to this suit, as the justice's court could not have validly rendered a judgment in regard to the title to real estate. If he did render such judgment, it was absolutely null. C. P. 1063, 1068. If he did not render a judgment for the *title to the land*, it can not be *res judicata* in this case, which involves *title* to the land.

It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment overruling the plea of *res judicata* and remanding the case to be tried on the merits according to law; and that the appellee pay costs of appeal.